| | |
|---|---|
| Case No.    CV 18-5443 JFW (SS) | Date: December 30, 2019 |
| | Page 1 of 3 |

Title:     Edgar Noe Mendez v. Daniel Paramo, Warden

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS HABEAS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE AND/OR FAILURE TO EXHAUST HIS CLAIMS**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

On May 1, 2019, the Court granted Petitioner's Motion for Stay and stayed the case pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). (Dkt. No. 25). The Court ordered Petitioner to: (1) promptly pursue exhaustion of Grounds 3-5 by filing habeas petitions in the California courts; and (2) file timely status reports in this Court, beginning on April 15, 2019, and every forty-five days thereafter, setting forth the status of Petitioner's state habeas petition and all activity that has occurred since the filing of the previous Status Report. (Id. at 4). Petitioner failed to comply with this initial deadline. On May 23, 2019, Petitioner filed a request for extension of time and notice of change of address. (Dkt. No. 26). However, because it was unclear what relief Petitioner sought, the Court denied the request without prejudice and ordered Petitioner to show cause why this action should not be dismissed for failure to prosecute. (Dkt. No. 27).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 18-5443 JFW (SS) | Date: December 30, 2019 |
| | Page 2 of 3 |

Title: <u>Edgar Noe Mendez v. Daniel Paramo, Warden</u>

On July 15, 2019, Petitioner responded by filing a renewed motion for an extension of time, explaining that he had been unable to comply with the Court's May 1, 2019 Order because he was transferred to a segregated housing unit (SHU) and, among other obstacles, he lacked the assistance of a "jail house lawyer" who had helped him before his transfer. (Dkt. No. 28). On August 6, 2019, the Court granted the motion and ordered Petitioner (1) to begin pursuing exhaustion of Grounds 3-5 of his First Amended Petition by filing a habeas petition in state court within <u>thirty days</u>, and (2) to file a Status Report in this Court within forty-five days. (Dkt. No. 29). The Court advised Petitioner that his being housed in the SHU "will not further excuse his failure to comply and move this action forward." (<u>Id.</u> at 2).

On September 9, 2019, Petitioner filed a Status Report stating that he still had not begun to pursue exhaustion due to being housed in the SHU. (Dkt. No. 30). Petitioner again asked the Court for more time "until [he] get[s] out of the SHU . . . and get[s] to the general population so [he] can continue with [his] appeal." (<u>Id.</u> at 2). Since that time, more than three months have passed with no word from Petitioner.

Petitioner has thus failed to comply with his obligations to file status reports every forty-five days and diligently pursue exhaustion of his claims in the state courts. The Court has warned Petitioner multiple times that his failure to do so may be grounds for dismissal. (<u>See</u> Dkt. No. 25 at 4-5; Dkt. No. 27 at 2-3; Dkt. No. 29 at 2).

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** within <u>fourteen (14) days</u> of the date of this Order why this action should not be dismissed with prejudice for failure to prosecute. Petitioner may discharge this Order by filing a status report demonstrating that he has begun pursuing exhaustion of his claims by filing habeas petitions in the state courts. The status report shall be titled "Status Report Re: Petitioner's State Habeas Petition," and shall attach a current copy of the docket sheet and any orders or decisions that the state court has issued.

<u>Alternatively</u>, Petitioner may voluntarily dismiss any unexhausted claims, permitting this action to proceed solely on the exhausted claims. **A Notice of Dismissal form is**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 18-5443 JFW (SS) | Date: December 30, 2019 |
| | Page 3 of 3 |

Title: Edgar Noe Mendez v. Daniel Paramo, Warden

**attached for Petitioner's convenience.** Petitioner, however, is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Petitioner is expressly warned that failure to timely file a response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

**Furthermore, if Petitioner has not yet begun to pursue exhaustion of his claims in state court, or does not voluntarily dismiss his unexhausted claims in this action, this may result in a recommendation that the First Amended Petition be denied as a mixed petition containing unexhausted claims, and that this action be dismissed without prejudice.**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner and counsel for Respondent.

IT IS SO ORDERED.