# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR NOE MENDEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM SULLIVAN, Acting Warden,<br><br>　　　　　Respondent. | Case No. CV 18-5443 JFW (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, all the records and files herein, the Amended Report and Recommendation of the United States Magistrate Judge, and Petitioner's objections. After having made a *de novo* determination of the portions of the Amended Report and Recommendation to which objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

In his objections, Petitioner asserts that he "know[s] [he] must get on his case" and begin the exhaustion process for which he was granted a stay on May 1, 2019. However, he states that he is unable to do so because he understands "very little English," law library access has been curtailed in light of the COVID-19 pandemic, he does not understand the law, and has been unable to find a "jailhouse lawyer" to help him. (Obj. at

1-2). He also claims that his "cognitive capacity" is too limited "to effectively litigate," and requests appointment of counsel. (*Id.* at 2).

With respect to Petitioner's request for appointment of counsel, "there is no general constitutional right to counsel . . . in collateral postconviction review proceedings." *Graves v. McEwen*, 731 F.3d 876, 878 (9th Cir. 2013). However, courts may appoint counsel for state habeas petitioners who are or become unable to afford counsel "when the interests of justice so require." 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A. Appointment of counsel is required in at least two situations: (1) when the court determines that counsel is "necessary for effective utilization of discovery procedures" and (2) when the court determines that "an evidentiary hearing is required." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The record before the Court does not provide any basis for concluding that Petitioner cannot adequately present his claims to the Court. Neither discovery nor an evidentiary hearing appears to be required in this case and "the interests of justice" do not demand the appointment of counsel. The Court notes that Petitioner filed an amended petition *sua sponte* and successfully moved for a stay. Petitioner appears thus far to understand the issues and to be capable of representing himself adequately in this proceeding. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (denial of request to appoint habeas counsel appropriate where district court pleadings showed that petitioner understood the issues and was able to present his contentions). Accordingly, the request for appointment of counsel is denied.

The excuses in the objections for Petitioner's failure to even begin the exhaustion process more than fourteen months after the stay was granted are unavailing. The "many obstacles" that Petitioner claims have prevented him from litigating his case are shared by virtually every prisoner, and are too general in nature. (Obj. at 1). Petitioner has

demonstrated that he will not exhaust his claims, despite Court orders that he do so, and has refused to voluntarily dismiss his unexhausted claims. In light of this impasse, which is entirely of Petitioner's own making, the objections are overruled.

IT IS ORDERED that the First Amended Petition is denied and Judgment shall be entered dismissing this action without prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at his address of record and on counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 13, 2020

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE